17-2080 IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EDWARD GAINER, | Civil No. 3:17-cv-2080 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN S. SPAULDING, | |
| Respondent | |

## MEMORANDUM

I. **Background**

On November 13, 2017, Petitioner James Edward Gainer ("Gainer"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary infraction he received while confined at the Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"). (Doc. 1). At the time his petition was filed, Gainer was confined at FCI-Allenwood. (*See id.*).

In the petition, Gainer contends that his due process rights were violated in the context of a disciplinary hearing. (*Id.* at p. 3). Specifically, Gainer claims that on January 16, 2017, he received an incident report that resulted in the loss of good time credit. (*Id.*; *see also* Doc. 4-1, pp. 3-6, Discipline Hearing Officer Report). He complains that the Discipline Hearing Officer relied on insufficient evidence, and sanctioned him outside of the punishment range. (Doc. 1, pp. 3-4). For relief, Gainer requests that the Court order the

expungement of the incident report. (*Id.* at p. 4).

On August 22, 2018, Respondent filed a suggestion of mootness stating that Gainer was released from the custody of the Bureau of Prisons ("BOP") on June 29, 2018. (Doc. 4). Thus, Respondent asserts that no further relief is available to Gainer and the habeas petition should be dismissed as moot. (*Id.*). For the reasons set forth below, the Court will dismiss the petition as moot.

## II. <u>Discussion</u>

Federal habeas review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982); *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008) (nonprecedential).

In this situation, the relevant inquiry is whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-42 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable

judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12-14.

Respondent has filed a suggestion of mootness, citing Gainer's June 29, 2018 release from BOP custody. (Doc. 5, Notice of Suggestion of Mootness; *see also* BOP Inmate Locator[1]). Once Gainer served his term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); *see also* 28 C.F.R. § 523.2(c). Under these circumstances, Gainer cannot demonstrate any continuing collateral consequences or injury because his release eliminates the Court's ability to grant him any relief. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue"); *see also Scott*, 297 F. App'x at 156

---

[1] Upon entering Petitioner's identification number, 39249-083, into the BOP Online Inmate Locator System, his status was returned as "released" on June 29, 2018. *See* https://www.bop.gov/inmateloc/#

3

("Because [the petitioner] has served his complete term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). As no live controversy remains, the Court will dismiss Gainer's habeas petition as moot. *See Scott v. Schuylkill FCI*, 298 F. App'x 202 (3d Cir. 2008) (nonprecedential).

A separate Order shall issue.

Date: August 30, 2018

Robert D. Mariani
United States District Judge